## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 28 2015, 9:16 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Chris Palmer Frazier | Gregory F. Zoeller |
| Indianapolis, Indiana | Attorney General of Indiana |
| | |
| | Jesse R. Drum |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jennifer L. Buchanan, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | April 28, 2015 <br><br> Court of Appeals Case No. 70A04-1501-CR-25 <br><br> Appeal from the Rush Circuit Court <br> The Honorable Brian D. Hill, Judge <br> Cause No. 70D01-1404-FA-148 |

**Bailey, Judge.**

# Case Summary

[1] Jennifer Buchanan ("Buchanan") pled guilty to Possession of a Controlled Substance, as a Class C felony,[1] and was sentenced to eight years imprisonment, with six years executed in the Department of Correction and two years to be served on home detention. She now appeals, and raises for our review only the issue of whether her sentence was inappropriate under Appellate Rule 7(B).

[2] We affirm.

# Facts and Procedural History

[3] Within the course of several controlled purchases of narcotics, police learned that on November 6, 2013, Buchanan had in her possession hydrocodone pills for which she lacked a valid prescription. At the time, Buchanan was within 1000 feet of a family housing complex.

[4] On April 1, 2014, Buchanan was charged with two counts of Dealing in Methamphetamine, as Class A felonies;[2] two counts of Possession of Methamphetamine, as Class B felonies;[3] Dealing in a Controlled Substance, as

---

[1] Ind. Code § 35-48-4-7(a)(2) (West 2013). Buchanan's offenses were committed before the July 1, 2014, effective date of substantial revisions to Indiana's criminal code. We refer throughout to the substantive provisions of the statutes in effect at the time of her offenses.

[2] I.C. §§ 35-48-4-1.1(a)(1)(C) & (b)(3)(B).

[3] I.C. § 35-48-4-6.1(a)(2)(B).

a Class A felony;[4] and Possession of a Controlled Substance. A warrant for Buchanan's arrest was issued on April 2, 2014, subsequent to which Buchanan was taken into custody.

On December 8, 2014, Buchanan and the State entered into a plea agreement. Under the terms of the agreement, Buchanan agreed to enter a guilty plea to a single charge of Possession of a Controlled Substance, as a Class C felony. The State agreed that all sentencing matters would be left to the trial court's discretion. The State further agreed to dismiss all the other charges in the case.

On December 22, 2014, a change of plea hearing was conducted, at which time the trial court accepted the plea agreement and entered judgment of conviction. A presentencing investigation report had already been completed, and after argument of counsel the trial court sentenced Buchanan to eight years imprisonment, with six years executed in the Department of Correction and two years to be served on home detention.

This appeal ensued.

# Discussion and Decision

On appeal, Buchanan contends that the sentence imposed by the trial court was inappropriate under Appellate Rule 7(B).

---

[4] I.C. § 35-48-4-2(b)(2).

[9] The authority granted to this Court by Article 7, § 6 of the Indiana Constitution permitting appellate review and revision of criminal sentences is implemented through Appellate Rule 7(B), which provides: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, and as interpreted by case law, appellate courts may revise sentences after due consideration of the trial court's decision, if the sentence is found to be inappropriate in light of the nature of the offense and the character of the offender. *Cardwell v. State*, 895 N.E.2d 1219, 1222-25 (Ind. 2008); *Serino v. State*, 798 N.E.2d 852, 856-57 (Ind. 2003). The principal role of such review is to attempt to leaven the outliers. *Cardwell*, 895 N.E.2d at 1225.

[10] Here, Buchanan was convicted of Possession of a Controlled Substance, as a Class C felony. She faced a sentencing range running from two to eight years imprisonment, with an advisory term of four years. I.C. § 35-50-2-6(a). The trial court sentenced her to the maximum term of eight years, with six years to be served in the Department of Correction and two years to be served on home detention with Rush County Community Corrections.

[11] Turning first to the nature of Buchanan's offense, police obtained hydrocodone pills that had been in Buchanan's possession through a confidential informant's purchase of the pills in a controlled buy. This was one of three such transactions in which Buchanan was reported to have been involved; some of

these transactions appear to have occurred at Buchanan's home, the residence of her minor children.

[12] With respect to Buchanan's character, we note that she entered a guilty plea. However, Buchanan also received a very substantial benefit from her plea: the dismissal of five charges in this case, each of which carried longer potential terms of imprisonment from the single charge to which she pleaded guilty.

[13] Further, our review of the record reveals that Buchanan has a long history of substance abuse and other criminal behavior. Buchanan has been convicted on two separate occasions of Operating a Vehicle While Intoxicated; one of these resulted in serious bodily injury, and was a felony-level offense. Buchanan has also been convicted of Battery, Domestic Battery, and Resisting Law Enforcement, as Class A misdemeanors, and Public Intoxication endangering a person's life, as a Class B misdemeanor. Buchanan was serving a portion of her sentence for her most recent conviction for Operating While Intoxicated when she committed the offense at issue in this case, and as a result violated the terms of her home detention program.

[14] After her arrest, Buchanan sought substance abuse treatment within two months of her guilty plea and sentencing hearing—several months after her arrest in the instant case. However, Buchanan suffers from mental health issues which, by her own choice, have gone untreated. After attempting suicide in December 2014, she declined further counseling. Though Buchanan acknowledged at sentencing the need for treatment, she took no action to seek

such treatment before that point. In sum, then, Buchanan has committed numerous prior offenses and has had numerous prior substance abuse issues, but has not availed herself of rehabilitation opportunities when they were previously offered.

[15] Finally, Buchanan is a parent of three children, two of whom were in her care at the time of her offense. Buchanan argues that the long duration of her sentence will preclude her from parenting these children. We observe, however, that these children were taken into foster care as a result of the instant offense.

[16] In light of the nature of Buchanan's offense, her character, and the substantial benefit she received as a result of her guilty plea, we cannot conclude that Buchanan's sentence of eight years imprisonment, with six years executed in the Department of Correction and two years to be served on home detention, is inappropriate.

[17] Affirmed.

Riley, J., and Barnes, J., concur.